Concurring in part and dissenting in part.
I concur with the majority's holding with regard to Rhinopak's first assignment of error but respectfully dissent as to the majority's finding that Rhinopak conceded their second assignment of error.
In response to this court's July 24, 2008 order, Rhinopak supplemented the record with a list adequately identifying the documents that the trial court determined to be discoverable in its October 11, 2007 journal entry. This list consisted of nine documents numbered 3-9, 20, and 75 that Rhinopak claims in its second assignment of error to be protected by the attorney-client privilege. In addition to providing the list, Rhinopak also stated the following:
"Although Appellant challenges the Trial Court's jurisdiction to enter any order regarding Appellant (including those involving matters of privilege claims), Appellant has not otherwise challenged the Trial Court's substantive determination regarding the remaining documents addressed by the Trial *Page 13 
Court's October 11, 2007 Order (referenced by the Trial Court as Documents Nos., 1, 2, 10-19, 21-74 and 76.) Thus, these documents are not directly at issue on appeal." (Emphasis added).
As previously stated, the nine documents the trial court determined to be discoverable and that Rhinopak challenges in their second assignment of error are numbered 3-9, 20 and 75. The documents Rhinopak identified that it was not challenging substantively are numbered 1, 2, 10-19, 21-74 and 76. As the numbers of the documents do not match, I would respectfully dissent with the majority and find that Rhinopak did not withdraw its second assignment of error. *Page 1